IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**NORMA ROBINSON**                                                                                                   **PLAINTIFF**

V.                            **CASE NO. 5:18-CV-5072**

**MACKIE WOLF ZIENTZ & MANN, P.C.,
AS TRUSTEE FOR NATIONSTAR MORTGAGE,
LLC, d/b/a CHAMPION MORTGAGE COMPANY;
NATIONSTAR MORTGAGE, LLC; and
NATIONSTAR MORTGAGE, d/b/a CHAMPION
MORTGAGE COMPANY**                                  **DEFENDANTS**

## OPINION AND ORDER

Now before the Court are a Motion to Dismiss (Doc. 10) and Brief in Support (Doc. 11) filed by Defendant Mackie Wolf Zientz & Mann, P.C. ("Mackie Wolf"), a law firm. Plaintiff Norma Robinson filed a Response in Opposition to the Motion (Doc. 14) and a Brief in Support (Doc. 15). For the reasons explained herein, the Motion is **GRANTED**.

This case was removed from the Circuit Court of Benton County, Arkansas, on April 31, 2018. *See* Doc. 1. In the Complaint (Doc. 3), Ms. Robinson brings separate causes of action for res judicata, breach of contract, negligence, violations of the Arkansas Statutory Foreclosure Act, breach of the implied covenant of good faith and fair dealing, fraudulent conversion, unconscionability, constructive fraud, violations of the Arkansas Deceptive Trade Practices Act, and intentional infliction of emotional distress. The facts supporting each of the ten causes of action fail to specify which Defendant is allegedly liable for each claim. As to some of the causes of action, Ms. Robinson accuses an unspecified "Defendant" of wrongdoing, and as to other causes of action, she accuses all "Defendants," collectively.

Defendant Mackie Wolf moves the Court to dismiss all claims against it under Federal Rule of Civil Procedure 12(b)(6). In doing so, the law firm asserts that it has never been in privity of contract with Ms. Robinson, and it is therefore immune from liability under Ark. Code Ann § 16-22-310. According to Mackie Wolf, its efforts to foreclose on Ms. Robinson's property were made at the direction of Mackie Wolf's client, Defendant Nationstar Mortgage, LLC, d/b/a Champion Mortgage Company ("Nationstar"), and in Mackie Wolf's capacity as legal counsel.

To survive a motion to dismiss, a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept as true all factual allegations set forth in the Complaint by the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

The Complaint claims that Nationstar illegally foreclosed upon Ms. Robinson's home after her husband passed away. She maintains that she and her husband had previously been involved in litigation with Nationstar over the property, and as a result, the parties entered into a settlement agreement and a final judgment that dismissed the foreclosure

action with prejudice. Ms. Robinson now contends that "Plaintiff and *each of the Defendants*"—including Mackie Wolf—executed the Settlement Agreement." *See* Doc. 3 at 5 (emphasis added). That contention is implausible, however, as the court documents attached to the Complaint clearly indicate that Mackie Wolf was not a party to the settlement agreement. In fact, the documents attached to the Complaint demonstrate that the only role Mackie Wolf or its attorneys played in the earlier settlement and subsequent foreclosure is that of counsel to Nationstar. *See, e.g., id.* at 38, 47, 48, 50, 52.

Arkansas law is clear that an attorney cannot be sued in a civil action for damages for advocating a position on behalf of his or her client. Ark. Code Ann. § 16-22-310 states:

> No person licensed to practice law in Arkansas and no partnership or corporation of Arkansas licensed attorneys . . . shall be liable to persons not in privity of contract . . . for civil damages resulting from acts, omissions, decisions, or other conduct in connection with professional services performed . . . .

Exceptions to the general immunity rule exist for "[a]cts, omissions, decision, or conduct that constitutes fraud or intentional misrepresentations," Ark. Code Ann. § 16-22-210(a)(1); however the Complaint here fails to assert any facts that would tend to show that Mackie Wolf, by and through its attorneys, made a knowingly false representation of material fact to Ms. Robinson that would amount to fraud. *See Muccio v. Hunt*, 2016 Ark. 178, at *4-5 (listing elements of a fraud claim). The Complaint further fails to plead fraud against Mackie Wolf with particularity, and it fails to accuse Mackie Wolf—or any of its employees—of taking any action that would fall outside the scope of the company's role as advocate for Nationstar.

**IT IS THEREFORE ORDERED** that Defendant Mackie Wolf Zientz & Mann, P.C.'s Motion to Dismiss (Doc. 10) is **GRANTED** and all claims against it are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** on this 4th day of June, 2018.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE